## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

MELANIE WILLIAMS,
INDIVIDUALLY and ON BEHALF OF
ALYSSA HOLLIDAY, a Minor, and
ISAIAH HOLLIDAY, a Minor AND
AS THE WRONGFUL DEATH BENEFICIARIES,
OF SPENCER DREW HOLLIDAY, DECEASED                          **PLAINTIFFS**

VS.                                          CAUSE NO:  3:22-cv-78-HTW-LGI

UNITED FREIGHT TRANSPORT, LLC, and
OSCAR GALLARDO, INDIVIDUALLY                                **DEFENDANTS**

### NOTICE OF REMOVAL

Defendant, United Freight Transport, LLC ("UFT"), through undersigned counsel

appearing specially to preserve any and all defenses, whether affirmative or otherwise, hereby files

its Notice of Removal of this cause from the Circuit Court of Lauderdale County, Mississippi to

this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof shows the

following:

**I.    STATEMENT OF THE CASE**

1.    This cause was filed in the Circuit Court of Lauderdale County, Mississippi on

September 9th, 2021, and is styled and numbered on the general docket of said Court as follows:

> *Melanie Williams, individually, and on behalf of Allyssa Holliday, a Minor, and*
> *Isaiah Holliday, a Minor, and as the Wrongful Death Beneficiaries of Spencer*
> *Drew Holliday, Deceased, v. United Freight Transport, LLC, and Oscar*
> *Gallardo*; **In The Circuit Court of Lauderdale County, Mississippi; Cause No.**
> **21-CV-112(BB)**.

2.    UFT is listed as one of the two named Defendants in said Complaint and was served

with service of process on or about January 19th, 2022. A copy of all process and pleadings

received by UFT is attached collectively here to as "**Exhibit A**."

3.      Plaintiffs, both individually and collectively, filed the instant action against UFT and Defendant, Oscar Gallardo alleging that Defendants are responsible for negligent and/or grossly negligent actions in regard to an automobile accident that occurred on August 8th, 2020. Consequently, Plaintiffs claim that Defendants are jointly and severally liable for consequential, statutory, and punitive damages for alleged bodily and other personal injuries/damages and for the wrongful death of Mr. Spencer D. Holliday, Deceased.

4.      As further detailed below, this matter is properly removed to this Court because UFT has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441.

## II.      REMOVAL PROCEDURE, JURISDICTION AND VENUE

5.      This Court has Diversity Jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as the parties are of entirely diverse citizenship and the amount in controversy exceeds $75,000.00.

6.      Because this matter is removed from the Circuit Court of Lauderdale County, Mississippi, the United States District Court for the Southern District of Mississippi, Northern Division, is the proper venue for this matter pursuant to U.S.C. § 1446(a).

7.      This Notice of Removal is both proper and timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days from when UFT was served and, upon information and belief, before Defendant Gallardo has been served. *See Texas Brine Co., LLC v. American Arbitration Association, Inc.*, 955 F.3d 482, 485-87 (5th. Cir. 2020) (stating that there is no doubt about the propriety of removal where removal was filed before remaining defendants were served).

8.     As discussed herein, Defendant Oscar Gallardo has not yet been properly served in this matter, and therefore his consent is not required to effectuate removal. 28 U.S.C. § 1446(b); *see Texas Brine Co., LLC*, 955 F.3d at 485.

## III.   DIVERSITY JURISDICTION

9.     Again, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, since all parties to this matter, whether served with process or not, are of entirely diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.  Diversity of Citizenship

10.    "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir., 2008) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir., 1968)).

11.    Upon filing the Complaint, and at all relevant times, Plaintiffs are resident citizens of the State of Mississippi, with the resident address of 2357 Napoleon Avenue, Pearl, Mississippi.

12.    A corporation is considered "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). At the time of filling and when subsequently served with said Complaint, UFT is a limited liability company incorporated under the laws of the State of Texas, with a principal place of business located at 6826 Springfield Ave., Suite 203, Laredo, Texas 78041.

13.    Along with its principal place of business, UFT's citizenship is also tied to each of its member-owners, as a limited liability company's citizenship is that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).Currently, and at all relevant times,

ownership of UFT is vested in two (2) managing-members, Mr. Octavio Carrillo Alvarez and Mrs. Veronica Yuridia Sanchez Rosales. Mr. Carrillo Alvarez and Mrs. Sanchez Rosales are the sole managing-members of UFT, with Mr. Carrillo Alvarez owning ninety percent (90%) of UFT and Mrs. Sanchez Rosales owning the remaining ten (10%) interest. Both managing members are domiciled in the State of Texas, and reside together at 101 Regal Drive, Laredo, Texas 78041.

14.    Because UFT's principal place of business is located in Laredo, Texas, and each of its two managing-members are domiciled in Laredo, Texas, UFT is deemed a citizen of the State of Texas.

15.    Though inconsequential at this time, it is believed that Defendant, Oscar Gallardo, is a citizen of the Country of Mexico, however UFT is unaware of his whereabouts at this time.

### B.  Amount in Controversy

16.    The removing party bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount and can meet this burden in one of two ways: "(1) by showing that it is 'facially apparent' that the claim exceeds $75,000, or (2) if the value is not 'facially apparent,' by 'setting forth the facts in controversy that support a finding of the requisite amount.'" *Norman v. Geico Ins.*, 479 F. Supp. 3d 336, 341 (S.D. Miss. 2020) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335) (5th Cir. 1995)). When considering the amount in controversy, the Court may look to "the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Sun Life Assur. Co. v. Fairly*, 485 F.Supp.2d 731, 734 (S.D. Miss., 2007) (external citations omitted). In the instant case, Plaintiff's request for consequential, statutory and punitive damages, coupled with their requests for pre-judgment and post judgment interest and attorney fees clearly raises the amount in controversy above the jurisdictional minimum of $75,000.00.

17.     Plaintiffs' Complaint does not quantify the damages sought; however, it does allege that Defendants have caused Plaintiffs to suffer a plethora of damages "some of which, common sense dictates, place more than $75,000 at stake." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015). To name a few, Plaintiffs claim to have allegedly suffered, physical injuries, past, present, and future medical expenses, loss of association, love, affection, loss of the enjoyment of life, and emotional distress, and other personal injury damages.

18.     Plaintiffs' also seek "survival claims, medical, funeral/burial expenses and all other damages allowed under the Wrongful Death Act." In *Robertson v. Exxon Mobil Corp.*, the 5th Circuit found it facially apparent that wrongful death claims, like the claims here, exceed the amount in controversy. 814 F.3d at 240-41 (referring to the motion for remand on appeal and the Court's prior ruling in *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)).

19.     Furthermore, Plaintiffs also allege gross negligence, and seek an unspecified amount of punitive damages. Federal District Courts of Mississippi have long held that a claim for an unspecified amount of punitive damages is considered to exceed the jurisdictional minimum. *Sun Life Assur. Co.*, 485 F.Supp.2d at 735 (external citations omitted); *Lee v. Allstate Ins. Co.*, No. 3:18-CV-694-DPJ-FKB, 2019 U.S. Dist. LEXIS 61028, at *3 (S.D. Miss. Apr. 9, 2019); *and see Robertson*, 814 F.3d at 240 (quoting *Allen*, 63 F.3d at 1336 and stating that "common sense" finds that a successful punitive damages claim would exceed the jurisdictional minimum).

20.     Lastly, Plaintiffs' request for attorneys' fees further adds to the amount in controversy. *Lee, supra*, at 6-7 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating that attorneys' fees are considered in the amount in controversy when a punitive damage claim is properly plead).

21.     In sum, Plaintiff's request for consequential, statutory and punitive damages, along with the demand for punitive damages and attorneys' fees clearly satisfies the amount in controversy requirement pursuant to U.S.C. § 1332(a).

CONCLUSION

Pursuant to 28 U.S.C. § 1446, Plaintiffs are being served with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Lauderdale County, Mississippi. Pursuant to Local Uniform Civil Rule 5(b), a copy of the entire state court record will be timely filed with this Court.

Pursuant to this Notice of Removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Holmes County, Mississippi.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, United Freight Transport, LLC, requests this Court to properly assume full jurisdiction over this matter as provided by law, and retain jurisdiction over this matter.

Respectfully submitted, this the 15th day of February 2022.

CARROLL BUFKIN, PLLC


*/s/ Brady Mitchell*
M. Brady Mitchell
*Submitted on behalf of*
*Defendant, United Freight Transport, LLC*

OF COUNSEL:

Mark C. Carroll (MSB# 8665)
Brady Mitchell (MSB# 105547)
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway
600 Concourse, Suite 125
Telephone: 601.982.5011
Facsimile: 601.853.9540
bmitchell@carrollbufkin.com

## CERTIFICATE OF SERVICE

I, Brady Mitchell, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, and have also delivered a true and correct copy of the foregoing to the following:

**John Hunter Stevens (MSB # 8528)**
GRENFELL & STEVENS
P.O. BOX 16570
Jackson, MS 39236-6570
Email: jstevens91@aol.com

**Mark L. Pearson (MSB # 8748)**
P.O. Box 3873
Jackson, MS 39207-3873

*Attorneys for Plaintiffs*

This the 15th day of February 2022.

/s/ Brady Mitchell_____
BRADY MITCHELL